IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3060-FL

SAMMY MORGAN,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )            ORDER
                                       )
CAPTAIN DOWNING, et al.,               )
                                       )
            Defendants.                )

Sammy Morgan ("plaintiff"), a state inmate, filed this action pursuant to 42 U.S.C. § 1983.

The matter comes before the court on the motion to dismiss (DE # 24) pursuant to Federal Rule of

Civil Procedure 12(b)(6) filed by defendants Ricky Anderson ("Anderson")[1] and Captain Downing

("Downing"). The matter is ripe for adjudication. For the following reasons, the court grants

defendants' motion.

## STATEMENT OF THE CASE

On March 30, 2009, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges

that Downing violated plaintiff's rights pursuant to the Eighth Amendment of the United States

Constitution because Downing sexually harassed him. On August 26, 2010, Downing and Anderson

---

[1] Plaintiff initially named Rick Jackson as a defendant in this action. The North Carolina Attorney General
notified the court that plaintiff's description of defendant Rick Jackson did not match any past or current Department
of Correction ("DOC") employee. However, the Attorney General informed the court that it conducted a search of
DOC records and found two persons with similar names to the name provided by plaintiff. The names provided by
the Attorney General were Deputy Director of Prisons at Pasquotank Ricky Anderson and Pasquotank Correctional
Officer Frederick Jackson. The court directed plaintiff to inform it whether the defendant named as Rick Jackson
actually was Ricky Anderson or Frederick Jackson. Plaintiff responded and informed the court that the defendant at
issue was "'Rick Jackson' Deputy Director of Prison at Pasquotank."

filed a motion to dismiss, arguing that plaintiff's claim should be dismissed because he failed to state a claim upon which relief may be granted. Although he was notified of defendants' motion, plaintiff failed to file a response.

## DISCUSSION

A.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2

B.    Analysis

    1.    Defendant Anderson

The complaint does not contain any allegations against Anderson. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). There is a minimum level of factual support required. See e.g., White v. White, 886 F.2d 721, 723 (4th Cir. 1989); Crawford-El v. Britton, 523 U.S. 574 (1998) ("[i]t is obvious, of course, that bare allegations of malice [do] not suffice to establish a constitutional claim.") In this case, plaintiff has not provided any allegations to support a claim against Anderson. Thus, plaintiff has failed to state a claim upon which relief may be granted against Anderson, and this claim is dismissed without prejudice.

    2.    Defendant Downing

Plaintiff alleges that Downing sexually harassed him in violation of the Eighth Amendment of the United States Constitution. In support of his claim, plaintiff alleges that Downing "poked at" his penis while Downing was conducting a search of his person. (Compl. Attach.) The Prison Litigation Reform Act requires that a plaintiff allege a physical injury. See 42 U.S.C. § 1997e(e) (stating inmate cannot recover monetary damages for emotional distress unless he can demonstrate physical injury). Plaintiff has not alleged any physical injury that resulted from his alleged sexual harassment. See Johnson v. Medford, 208 F.Supp.2d 590, 592 (W.D.N.C. Feb. 26, 2002), aff'd, No. 02-6415, 2002 WL 1269973 (4th Cir. June 7, 2002) (unpublished); Carter v. Angelone, 14 Fed. Appx. 184, 2001 WL 798417, *1 (4th Cir. July 9, 2001) (unpublished) (dismissing appeal for lack of jurisdiction where district court dismissed sexual harassment claim without prejudice because the

3

plaintiff did not allege a physical injury pursuant to § 1997e(e)); McCoy v. Bazzle, No. 4:08-2930-PMD-TER, 2009 WL 3169963, at *3 (D.S.C. Sept. 28, 2009) (unpublished). Accordingly, plaintiff has not properly alleged a constitutional claim.

Even if plaintiff could proceed without an allegation of physical injury, the facts of this case still warrant dismissal. In order to be actionable, the alleged sexual touching must be incompatible with "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993); Ellis v. Elder, No. 7:08-CV-642, 2009 WL 275316, *3 (W.D. Va. Feb. 4, 2009) (unpublished). For instance, a plaintiff must allege facts on which he could prove that the alleged unwanted contact had a sexual component. Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998); Ellis, 2009 WL 275316 at *3. Plaintiff's allegations that Downing "poked at" his penis while conducting a search of his person, without more, is insufficient to allege a sexual component to Downing's alleged touching. See Brown v. Vela, No. 9:09-2495-RBH-BM, 2010 WL 1027801, *2 (D.S.C. Feb. 16, 2010) (unpublished) (finding that allegation that the defendant touched the plaintiff on his buttock on one occasion, while he was in handcuffs, was insufficient to state an Eighth Amendment claim). Accordingly, plaintiff's allegations of sexual harassment do not rise to the level of a constitutional violation.

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss (DE # 24) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 15 day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

4